UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**PHILLIP W. RENFRO**  **PETITIONER**

v.  **CIVIL ACTION NO. 3:22-cv-230-BJB**

**PEOPLE OF THE STATE OF KENTUCKY**  **RESPONDENT**

**MEMORANDUM**

Pro se Petitioner Phillip Renfro filed this 28 U.S.C. § 2241 petition challenging the validity of his conviction, disputing the calculation of his sentence, and asserting several civil-rights violations by the judge and prosecutor in his underlying state-court case. He seeks immediate release from prison and damages upon his release. But Petitioner used the wrong vehicle to assert his claims: to the extent he challenges the validity of his conviction and sentence, he must proceed under 28 U.S.C. § 2254, and to the extent he raises a damages claim, that is not cognizable at habeas at all. But rather than divide and distort the case and claims in light of different statutory provisions, the Court dismisses the case without prejudice to Petitioner's ability to refile an appropriate petition for relief.

*

Regardless of the labels a petitioner affixes to his petition, a state prisoner's challenge to his state conviction or sentence is governed by 28 U.S.C. § 2254 and is therefore subject to the substantive and procedural requirements imposed by the Antiterrorism and Effective Death Penalty Act of 1996. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006); *see Felker v. Turpin*, 518 U.S. 651, 662 (1996); *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002). Confronted with an incorrectly filed § 2241 petition, a court may respond in one of two ways. First, the court may recharacterize the § 2241 petition as a § 2254 petition, provided the

petitioner receives notice of the court's intention to do so and the opportunity to withdraw and properly resubmit the petition.  *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004). Second, the court may dismiss the petition without prejudice under Rule 4 of the Rules Governing § 2254 Cases.[1]  *See Balcar v. Smith,* No. 3:16-cv-P632, 2016 U.S. Dist. LEXIS 179743, at *1 (W.D. Ky. Dec. 29, 2016).

Dismissal without prejudice is the better course here.  Under Rule 4, courts must examine habeas petitions and dismiss them "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *Id.*  Decisions from this District and others within the Sixth Circuit commonly dismiss wrongly filed § 2241 petitions instead of recharacterizing them as § 2254 petitions.  *See, e.g., Reed v. Smith*, No. 5:16-cv-P167-TBR, 2017 U.S. Dist. LEXIS 29562, at *1 (W.D. Ky. Mar. 2, 2017), *aff'd Reed v. Smith*, No. 17-5764, 2017 WL 6759116, at *1 (6th Cir. Dec. 20, 2017) (dismissing § 2241 petition without prejudice rather than recharacterizing it as § 2254 petition); *Balcar*, 2016 U.S. Dist. LEXIS 179743, at *1 (same); *Wilson v. Wolfenbarger*, No. 09-cv-13637, 2009 WL 3464734, at *2 (E.D. Mich. Oct. 23, 2009) (same); *Pittman v. Lester*, No. 13-1247-JDB/EGB, 2013 WL 6827947, at *2 (W.D. Tenn. Dec. 20, 2013) (same).

Dismissing this case rather than recharacterizing it benefits the Petitioner by permitting him to "avoid any adverse consequences with respect to any § 2254 claim he may file in the future."  *Wilson,* 2009 WL 3464734, at *2.  Furthermore, several of petitioner's allegations resemble 42 U.S.C. § 1983 claims against the judge and prosecutor, not habeas claims for his release or relief from his sentence and conviction.  For example, his complaint seeks "money on

---

[1] Petitions for habeas relief are governed by a separate set of statutes and civil rules.  *See* Fed. R. Civ. P. 81(a)(2) ("These rules are applicable to proceedings for ... habeas corpus ... to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the  Rules Governing Section 2255 Proceedings.").

such release [from prison]." But a damages claim is not an appropriate habeas claim, and instead must be brought under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). When establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction, petitioner is challenging his confinement, a challenge properly executed by petitioning for a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 481-82 (1994). A court lacks a sound basis to recharacterize a pro se motion from an apparent habeas petition to a civil rights claim. *Martin,* 391 F.3d at 714. Instead, dismissal is the appropriate course of action. *Id*. "Pro se plaintiffs are treated to less stringent standards," but "'liberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Id.* (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

Here, because Petitioner's claims were filed under § 2241 (rather than § 2254) and because he seeks relief available only under § 1983, the Court dismisses the petition without prejudice.

## **CERTIFICATE OF APPEALABILITY**

A certificate of appealability is inappropriate here. An individual who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum.

Date: July 21, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Petitioner, pro se
B213.009